UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) ) CR: 122-0031 |
| STEVEN CURTIS NEWMAN | ) ) ) |

## PLEA AGREEMENT

Defendant Steven Curtis Newman, represented by Defendant's counsel Michon Walker, and the United States of America, represented by Assistant United States Attorney Patricia G. Rhodes, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows:

1. <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to the *lesser included* offense of Count Four of the Indictment, which charges a violation of 21 U.S.C. § 841(a)(1).

2. <u>Elements and Factual Basis</u>

The elements necessary to prove the *lesser included* offense charged in Count Four are:

(1) that the Defendant knowingly possessed a controlled substance, here, methamphetamine, and

(2) that the Defendant possessed the methamphetamine with the intent to distribute it.

Defendant agrees that the Defendant is, in fact, guilty of this offense. The Defendant agrees to the accuracy of the following facts, which satisfy each of the

offense's required elements: that on or about February 19, 2020, within the Southern District of Georgia, the defendant, **STEVEN CURTIS NEWMAN**, aided and abetted by others known and unknown, did knowingly and intentionally possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

3. <u>Possible Sentence</u>

Defendant's guilty plea will subject the Defendant to the following maximum possible sentence: 20 years' imprisonment, not less than 3 years' supervised release, a $1,000,000 fine. The Court additionally must impose a $100 special assessment per count of conviction, which shall be due immediately at the time of sentencing.

4. <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw Defendant's plea of guilty if the Defendant receives a more severe sentence than the Defendant expects.

5. <u>Court's Use of Sentencing Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing

Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. <u>Use of Information</u>

   Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. Any incriminating information provided by the Defendant during the Defendant's cooperation will not be used in determining the applicable Guidelines range, pursuant to Section 1B1.8 of the Sentencing Guidelines.

   b. <u>Acceptance of Responsibility</u>

   If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

3

c.   Quantity of Drugs

The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that, for purposes of Section 2D1.1 of the Sentencing Guidelines, the offense involved at least 150 grams but fewer than 500 grams of methamphetamine (actual).

7.   Dismissal of Other Counts

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

8.   Cooperation

a.   Complete and Truthful Cooperation Required

If the Defendant cooperated, he must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in Defendant's Indictment and any related offenses. Defendant shall fully and truthfully disclose Defendant's knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. Defendant's benefits under this agreement are conditioned only on Defendant's cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

    b.    <u>Motion for Reduction in Sentence Based on Cooperation</u>

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

9.    <u>Financial Obligations and Agreements</u>

    a.    <u>Required Financial Disclosures</u>

Within 30 days after the Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all Defendant's assets and financial interests, whether held directly or indirectly, solely or jointly, in Defendant's name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

b. <u>Financial Examination</u>

Defendant will submit to an examination under oath on the issue of Defendant's financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

c. <u>No Transfer of Assets</u>

Defendant certifies that Defendant has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon Defendant by the Court at sentencing. Defendant promises that Defendant will make no such transfers in the future.

d. <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

e. <u>Enforcement</u>

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations *[and forfeiture]* imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so

that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

10. <u>Waivers</u>

   a. <u>Waiver of Appeal</u>

   Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of Defendant's sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

   b. <u>Waiver of Collateral Attack</u>

   Defendant entirely waives Defendant's right to collaterally attack Defendant's conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

7

c.  **FOIA and Privacy Act Waiver**

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d.  **Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver**

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a Defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or Defendant's plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

11. **Defendant's Rights**

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which Defendant will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

12. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that Defendant's attorney has represented Defendant faithfully, skillfully, and diligently, and Defendant is completely satisfied with the legal advice given and the work performed by Defendant's attorney.

13. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw Defendant's guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14. Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

DAVID H. ESTES<br>
UNITED STATES ATTORNEY

2/2/23
Date

Patricia G. Rhodes
Assistant United States Attorney
Chief, Criminal Division

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

1-31-23
Date

Steven Curtis Newman
Defendant

I have fully explained to Defendant all of Defendant's rights, and I have carefully reviewed each and every part of this agreement with Defendant. I believe that Defendant fully and completely understands it, and that Defendant's decision to enter into this agreement is an informed, intelligent, and voluntary one.

1/31/2023
Date

Michon Walker
Defendant's Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) CR: 122-0031 ) |
| STEVEN CURTIS NEWMAN | ) ) ) |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the Defendant's motion to change Defendant's plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by Defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 17th day of February 2023.

JUDGE J. RANDAL HALL
UNITED STATES DISTRICT COURT
CHIEF JUDGE
SOUTHERN DISTRICT OF GEORGIA