IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 122-031 |
| | * | |
| STEVEN CURTIS NEWMAN | * | |

O R D E R

Defendant Steven Curtis Newman has filed a motion for sentence reduction, referencing both Amendments 814 and 821 to the United States Sentencing Guidelines.

Amendment 821 retroactively limits the impact of "status points," decreasing an offender's criminal history points by one point for individuals with 7 or more points and by two points for individuals with 6 or fewer points. See U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). In this case, Defendant scored 20 criminal history points; two more "status points" were added because Defendant was under a criminal justice sentence in state court. A criminal history score of 22 established a criminal history category of VI. With a one-point reduction based upon Amendment 821, Defendant's criminal history score would be 21, which still places him in criminal history category VI. Thus, Amendment 821 does not affect Defendant's guideline range, and he is therefore ineligible for a sentence reduction under this amendment.

The Court now turns to Amendment 814. Amendment 814 amended Policy Statement U.S.S.G. § 1B1.13, which is applicable to motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In order to grant a motion for compassionate release, the Court must find the following conditions are met: (1) extraordinary and compelling circumstances exist; (2) adherence to the Policy Statement (including a finding that the defendant is not a danger to the community); and (3) support in the sentencing factors of 18 U.S.C § 3553(a). United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. Oct. 13, 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

The amended Policy Statement provides a list of examples of "extraordinary and compelling" reasons to include circumstances related to a defendant's health, age, family circumstances, and abuse while in custody. U.S.S.G. § 1B1.13(b)(1)-(4). There is also a catch-all provision, § 1B1.13(b)(5), which vests the district court with discretion to determine if "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Finally, the Policy Statement provides that defendants who are serving unusually long

2

sentences may be eligible for compassionate release under § 1B.13(b)(6).

Through his motion, Defendant seeks compassionate release citing medical reasons and his family circumstances. He also suggests that he is entitled to relief based upon his "unusually long sentence," but this basis is easily dismissed because Defendant has not served at least ten years of imprisonment. See U.S.S.G. § 1B1.13(b)(6).

"Medical circumstances" that may provide relief include (1) a terminal illness; (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health due to age that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or (3) a medical condition that "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." See U.S.S.G. § 1B1.13(b)(1)(A-C). In this case, Defendant states that he is "an insulin dependent diabetic and has skin cancer." (Def.'s Mot., Doc. 261, at 9.) However, Defendant has not presented any evidence that any illness has substantially diminished his ability for self-care; nor has he presented any evidence that his medical condition requires specialized medical care not being provided by his prison facility.

In fact, Defendant has not presented any evidence at all.[1] The burden is on Defendant to establish an extraordinary and compelling reason to warrant compassionate release. See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021). Other than a conclusory statement in his motion, he has utterly failed to do so.

Defendant's resort to his family circumstances fares no better. He states that his wife is disabled, and he is the sole care provider. He also claims that his father, age 85, requires daily caregiving. Yet, again, Defendant provides no evidence that either his wife or his father is incapacitated or that Defendant is the *only* available caregiver.[2] His conclusory statements are insufficient to carry his burden of persuasion.

In short, Defendant has utterly failed to establish an extraordinary and compelling reason warranting compassionate release. Moreover, even if he had, it cannot be said that Defendant is not a danger to the community based upon his criminal history and the nature and circumstances of his offense. Defendant

---

[1] Notably, the Government points out that Defendant's claim that he has skin cancer was not verified to the United States Probation Office during its presentence investigation. (See PSI, Doc. 250, ¶ 60 ("Records verifying the defendant's treatment for skin cancer were requested but were not provided.").)

[2] At the time of the presentence investigation, Defendant's wife cleaned houses. (See PSI ¶ 56.) Defendant provides no explanation for her recent "incapacitation."

has a significant history of drug-related offenses. The notion that Defendant is simply "a small time drug dealer" (Def.'s Mot. at 2) is disingenuous at best. Also, Defendant has already significantly benefited by a plea deal that allowed him to avoid a ten-year statutory minimum sentence and capped his maximum sentence at twenty years as opposed to life. He still has four years remaining on his sentence. If Defendant was released now, his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. Accordingly, the sentencing factors of § 3553(a) weigh against Defendant's release.

Upon the foregoing, Defendant Newman's motion to reduce sentence (doc. 261) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of February, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA